# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

## "IN ADMIRALTY"

In the matter of the Petition of
CAPT. RYAN C. MOORE, U.S. Coast
Guard Merchant Marine Officer No. 792584,
individually and on behalf of the vessels                    Case No.: 6:06-mc-112-31JGG
*M/V BRAVEHEART,  M/V CHALMETTE,* and
*M/V NEON MOON,* in rem, for a License to
Engage in Salvage & Wrecking on the
Florida Coast pursuant to 46 U.S.C. § 80102
as now enacted.

---

## ORDER DIRECTING ISSUANCE OF LICENSES
## TO ENGAGE IN SALVAGE & WRECKING ON THE FLORIDA COAST
## PURSUANT TO 46 U.S.C. § 80102

This matter came before the Court for consideration of the Verified Petition and the

Amended Verified Petition of **Capt. Ryan C. Moore**, U.S. Coast Guard Merchant Marine

Officer No. 792584, individually and on behalf of the vessels *M/V BRAVEHEART,  M/V*

*CHALMETTE,* and *M/V NEON MOON, in rem*, for a License to Engage in Salvage &

Wrecking on the Florida Coast Pursuant to 46 U.S.C. § 80102 (as now enacted, effective

10/6/06).  This Court having reviewed the applicable law as recently enacted, the sworn

Petition and Amended Petition of Capt. Ryan C. Moore, together with their attached

Exhibits and vessel surveys, and the Court being further familiar with the custodial services

rendered by Capt. Moore to various vessels seized pursuant to the process and warrant

of this Court through the business entity, International Towing & Salvage, Inc., for which

Capt. Moore is the President and a principal, as further set forth in Exhibit E to the original

Verified Petition and the Amended Verified Petition, and being further advised in the

premises, makes the following findings of fact and conclusions of law.

## **Findings of Fact**

_____1.      The Petitioner, CAPT. RYAN C. MOORE, is the holder of a U.S. Coast Guard Merchant Marine Officer License as a Master of Vessels of Not More Than 100 GRT with, *inter alia,* Master of Towing Vessels endorsement, being U.S. Coast Guard Merchant Mariner No. 792584.  Capt. Moore is also the President as well as a Director and the Joint Shareholder of International Towing & Salvage, Inc., a Florida corporation.

2.      The vessels for which licenses are requested pursuant to the statute are U.S. flag vessels owned by International Towing & Salvage, Inc., and operated by your Petitioner, to-wit, the *M/V Braveheart*, U.S. Coast Guard Official No. 1182416, the *M/V Chalmette,* U.S. Coast Guard Official No. 1075588, and the *M/V Neon Moon,* U.S. Coast Guard Official No. 281624.

3.      The Petitioner, CAPT. RYAN C. MOORE, is on the fifth issue of his U.S. Coast Guard Merchant Mariner's License and has extensive experience in both the non-commercial and commercial enterprise of salvage and commercial assistance towing of vessels in distress in the inland waters of Florida in and around Brevard County, Florida, as well as other areas of the State, at sea in the near coastal waters of the Atlantic Ocean off the coast of Florida, and in other ocean waters.  Additionally, Capt. Moore has demonstrated to this Court that he and his company are fully compliant with the U.S. Coast Guard mandatory drug testing regulations contained in 46 C.F.R. Part 16.  Capt. Moore has also demonstrated to this Court that he personally and his company, International Towing & Salvage, Inc. [herein ITS], together with the commercial vessels they own and operate, are also Accredited for Commercial Assistance and Professional Towing (i.e.,

2

ACAPT certified) by C-Port, the National Trade Association for the Marine Assistance Industry.

4.     Petitioner has demonstrated that the Vessels for which he seeks licensing *in rem* pursuant to subsection (b)(1) of 46 U.S.C. § 80102 are seaworthy and are each properly equipped for the business of saving property shipwrecked and in distress. Specifically:

(A)  the ***M/V Braveheart*** is a U.S. flag vessel of 22 Gross Registered Tons which is a 50 foot Seward Seacraft customized crewboat/salvage & towing vessel bearing U.S. Coast Guard Official No. 1182416, which is equipped with Twin V-12 1100 hp diesel engines and which is ACAPT certified by C-Port to engage in commercial assistance towing and salvage.  The *Braveheart* is specially equipped to engage in salvage and towing and is configured to facilitate the loading of salvage gear and rigging and/or property recovered at sea, with a fixed towing bit capable of 40,000 pound bollard pull, and engines with maximum speed of 24 knots (approx. 28 mph).

(B)     the ***M/V Chalmette*** is a U.S. flag vessel of  22 Gross Registered Tons which is a 45 foot Seward Seacraft customized crewboat/salvage & towing vessel bearing U.S. Coast Guard Official No. 1075588, which is equipped with Twin 600 hp diesel engines and is duly licensed by the US. Coast Guard following inspection with a "Certificate of Inspection" [COI] authorizing the carriage of up to 30 passengers for hire.  The *Chalmette* is specially equipped to engage in salvage and towing with removable deck railings and canopy designed to facilitate the loading of salvage gear and rigging and/or property recovered at sea, with a fixed towing bit capable

of 40,000 pound bollard pull, and engines with maximum speed of 20 knots (approx. 23 mph).

(C)       the *M/V Neon Moon* is a U.S. flag vessel of 11 Gross Registered Tons which is a 31 foot Breaux Brothers aluminum customized crewboat/salvage & towing vessel bearing U.S. Coast Guard Official No. 281624, which is equipped with a single 400 hp diesel engine and which is ACAPT certified by C-Port to engage in commercial assistance towing and salvage.  The *Neon Moon* is specially equipped to engage in salvage and towing and is configured with removable railings and tow bit for deck loading of salvage gear and rigging and/or property recovered at sea, with a removable towing bit capable of 6,000 pound bollard pull, and engines with maximum speed of 22 knots (approx. 25 mph).

Additionally, Capt. Moore through his company, International Towing & Salvage, Inc., owns and maintains significant other customized salvage equipment for use on any and all of its vessels and for shoreside salvage services, including but not limited to airbags/lift bags of various sizes, compressors, pumps, cranes, barges, dive equipment, cutting equipment, welding equipment, video equipment, and an extensive hoard of supplemental equipment. In addition to the direct employees of ITS including Capt. Moore, the Petitioner has demonstrated to this Court that ITS maintains a list of and contracts with appropriately skilled and licensed personnel on an as needed basis with Capt. Moore serving as Salvage Master, all in order to provide a full range of highly professional salvage and quick response rescue services in and around Port Canaveral, along the eastern coast of the State of Florida, and in the waters of the Indian River Lagoon.

5.       International Towing & Salvage, Inc., by and through its principal, the

4

Petitioner CAPT. RYAN C. MOORE, has frequently served as a Substitute Custodian for vessels of various types, sizes and configurations (both commercial and recreational) in admiralty actions brought *in rem* by appointment of this Court in a variety of cases, including both cases where ITS has been a party seeking to foreclose its own maritime lien rights and also cases where ITS has not been a party but has been retained to serve as substitute custodian for independent maritime lien or mortgage litigants.  Those cases date from 1994 and continue through to the present day, and have involved numerous maritime attorneys – at times in one lawsuit where numerous parties sought to assert competing maritime liens or mortgages.  It has been further demonstrated to the Court that at no time has any party or attorney brought a claim against ITS or Capt. Moore suggesting in any way that a vessel held in custody by ITS and Capt. Moore has been mishandled, nor has it ever been suggested that Capt. Moore or ITS has engaged in any misconduct, fraud, or other dereliction of duty regarding any property in custody, including vessels held and cared for during hurricanes and mandatory port evacuations.[1]

### **Conclusions of Law**

6.     As of October 6, 2006, the United States enacted 46 U.S.C. § 80102 governing the licensing of both individuals and vessels to engage in salvage and/or wrecking on the Florida coast.  That statute as now in effect provides:

---

[1]It is also noted that International Towing & Salvage, Inc., has been the prevailing party in several prior salvage cases decided by this Court and subsequently reported, in which cases the Petitioner, Capt. Ryan C. Moore, has testified before this Court either in person or by affidavit.  See Sands & International Towing & Salvage, Inc. v. One Unnamed 23' Seacraft pleasure vessel bearing Florida Registration No. 8692FM, etc., et al., U.S. District Court, Middle District of Florida, Orlando Division, Case No. 96-717-Civ-Orl-19 DAB, 959 F.Supp. 1488, 1997 AMC 1978 (M.D. Fla. 1997) (the poem case), and International Towing & Salvage, Inc. v. The F/V LINDSEY JEANETTE, etc., et al., U.S. District Court, Middle District of Florida, Orlando Division, Case No. 97-1523-Civ-Orl-22 DAB, 1999 AMC 2465 (M.D. Fla. 1998).

46 U.S.C. § 80102. License to Salvage on Florida Coast:

(a) LICENSING REQUIREMENTS: To be regularly employed in the business of salvaging on the coast of Florida, a vessel and its master each must have a license issued by a judge of the district court of the United States for a judicial district of Florida.

(b) JUDICIAL FINDINGS:  Before issuing a license under this section, the judge must be satisfied, when the license is for

> (1) a vessel, that the vessel is seaworthy and properly equipped for the business of saving property shipwrecked and in distress; or

> (2) a master, that the master is trustworthy and innocent of any fraud or misconduct related to property shipwrecked or saved on the coast.

According to the legislative history addressing the enactment of this provision, the statute does not make any "substantive changes" in the law but was intended to codify existing law as previously set forth in 46 U.S.C. Appx § 724[2], and to clarify and update that law by using modern jargon (i.e., substituting "salvaging" for "wrecking") and recognizing that Florida is no longer composed of only one judicial district, while moving the statute from the Appendix into the main body of Title 46.

7.    The Petitioner's vessels, the *M/V Chalmette,* the *M/V Neon Moon,* and the *M/V Braveheart,* are each seaworthy and properly equipped to engage in the business of

---

[2]46 U.S.C. appendix § 724 as in effect since 1847 provided:

License to Wreckers on Florida Coast.

> No vessel, or master thereof, shall be regularly employed in the business of wrecking on the coast of Florida without the license of the judge of the district court for the district of Florida; and, before licensing any vessel or master, the judge shall be satisfied that the vessel is seaworthy, and properly and sufficiently fitted and equipped for the business of saving property shipwrecked and in distress; and that the master thereof is trustworthy, and innocent of any fraud or misconduct in relation to any property shipwrecked or saved on the coast.

The reported cases seeking licensing under the previous statute during the 20th century appear to have been limited to treasure salvors, apparently due to the use of the term "wrecking" in the statute which had been commonly interpreted to mean the removal of derelicts or other vessels wrecked on the ocean floor or shoreline.

saving property shipwrecked and in distress on the Coast of Florida and in the waters adjoining and adjacent thereto within the meaning of 46 U.S.C. § 80102 as recently enacted and interpreted by the Congress of the United States.

8.     The Petitioner, CAPT. RYAN C. MOORE, is trustworthy and innocent of any fraud or misconduct related to property shipwrecked or saved on the coast, and is personally well-qualified to be regularly employed in the business of salvaging and/or wrecking on the Coast of Florida and in the waters adjoining and adjacent thereto (including but not limited to serving as Salvage Master) within the meaning of 46 U.S.C. § 80102 as recently enacted and interpreted by the Congress of the United States.

In light of the foregoing it is hereby ORDERED, ADJUDGED and DECREED that Licenses to Engage in Salvage and Wrecking on the Florida Coast and the waters adjoining and adjacent thereto pursuant to 46 U.S.C. § 80102 as now enacted are due to be issued to **Capt. Ryan C. Moore**, **U.S. Coast Guard Merchant Marine Officer No. 792584**, individually,  and to the U.S. flag vessels ***M/V BRAVEHEART*, U.S. Coast Guard Official No. 1182416,** *M/V CHALMETTE*, **U.S. Coast Guard Official No. 1075588,** and ***M/V NEON MOON,* U.S. Coast Guard Official No. 281624,** *in rem*, which licenses shall issue forthwith.

Done and ordered this 5th day of January, 2007 in Chambers at Orlando, Florida.


cc:     Patricia K. Olney, Esq.
          Attorney for Petitioner
          Capt. Ryan C. Moore

                                                                GREGORY A. PRESNELL
                                                         UNITED STATES DISTRICT JUDGE